UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COVENANT MEDICAL CENTER, INC.,
a Michigan non-profit corporation, and
MICHIGAN SPINE AND BRAIN
INSTITUTE, P.C.,

          Plaintiff,

v.

          Case No. 17-cv-11176
          Honorable Thomas L. Ludington

AUTO-OWNERS INSURANCE COMPANY,
and HOME-OWNERS INSURANCE COMPANY

          Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND AND DIRECTING FILING OF AMENDED COMPLAINT**

Sandra Foor ("Insured" or "Ms. Foor") was injured in an automobile accident on March 16, 2010. Am. Compl. at 3, ECF No. 11-2. Plaintiffs Covenant Medical Center (Covenant) and Michigan Spine and Brain Institute (Michigan Spine) provided Ms. Foor medical care for injuries allegedly arising from the automobile accident. *Id.* Covenant provided Ms. Foor medical care on May 24, 2016, August 16, 2016, from August 24–27, 2016, October 18–26, 2016, November 3–8, 2016, November 22, 2016, and February 6, 2017. *Id.* Michigan Spine provided Ms. Foor medical care on August 24, 2016 and December 5, 2016. *Id.* at 5.

At the time of the accident, Ms. Foor was insured under a no-fault policy issued by Defendant Home-Owners Insurance Company ("Defendant" or "Insurer"). *Id.* at 3. Between December 2016 and February 2017, Plaintiffs billed Defendant and furnished itemized charges and medical records documenting healthcare services provided to Ms. Foor. *Id.* at 4. Plaintiffs filed a Complaint on February 21, 2017 in Saginaw County Circuit Court against Home-Owners

Insurance Company, and Auto-Owners Insurance Company, who was dismissed on July 19, 2017. Compl., ECF No. 1-2. Defendant removed the action to this Court on April 14, 2017. Not. Rem., ECF No. 1. Plaintiffs filed the instant Motion to Amend Complaint on July 14, 2017. ECF No. 11. Plaintiffs Covenant and Michigan Spine seek damages in a principal amount of $39,560.95 and $2,455.00, respectively, pursuant to the Michigan No-Fault Act, M.C.L 500.3101 et seq., plus interest, costs, and attorney fees, for medical bills in connection with treatment provided to Sandra Foor. Am. Compl. at 3. Plaintiffs also seek to double their principal damages pursuant to the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395y et seq. *Id.*

Plaintiffs' original complaint and proposed amended complaint sought to recover no-fault damages on a direct cause of action as a healthcare provider against the Defendant insurance company for non-payment of the insured's health benefits. At the time of the original complaint, the direct cause of action was permissible under Michigan law. However, on May 25, 2017, the Michigan Supreme Court decided *Covenant Medical Center, Inc. v. State Farm Mutual Automobile Insurance Co.*, 895 N.W.2d 490 (Mich. 2017). In *Covenant* the court held that a healthcare provider possesses no statutory cause of action under the Michigan no-fault act against an insurer for recovery of Personal Injury Protection ("PIP") benefits owed to its insured, overruling a long line of appellate precedent. *Id.*

Plaintiffs filed the instant Motion to Amend on July 14, 2017. ECF No. 11. The proposed amended complaint retained the direct cause of action against insurers, as Plaintiffs asserted in their Motion that *Covenant* should not be applied retroactively. Mot. Am. at 2. At the hearing on the Motion, however, Plaintiffs' counsel explained that Plaintiffs will no longer pursue the direct action under the no-fault act, based on the decision of the Michigan Court of Appeals on August

31, 2017 regarding retroactivity. *W A Foote Mem'l Hosp. v. Michigan Assigned Claims Plan*. 2017 WL 3836645 (Mich. Ct. App. Aug. 31, 2017). The proposed amended complaint asserts three additional causes of action: two derivative causes of action for breach of contract, and one cause of action for declaratory relief. The viability of these three alternative causes of action are at issue in the instant motion to amend.

**I.**

Plaintiffs' two derivative causes of action for breach of contract arise out of an assignment agreement. Roughly one month after the Michigan Supreme Court's decision in *Covenant*, Ms. Foor entered into an agreement dated June 23, 2017, assigning to Plaintiffs her rights, benefits, and causes of action arising out of her automobile injury and subsequent medical care. Br. Ex. A (Assignment), ECF No. 11-3. The Assignment also designated Plaintiffs as Ms. Foor's authorized representative "for the purpose of pursuing payment" of her hospital bills. *Id.*

In response to the Motion to Amend, Defendant contends that amendment would be prejudicial and futile. Defendant contends that amendment would be prejudicial because the proposed amended complaint alleges "alternative parties rather than alternative claims" by asserting a "direct action, as well as on behalf of Ms. Foor." Resp. at 11. Defendant contends that amendment would be futile to the extent the proposed amendment complaint seeks to recover for healthcare services provided to Ms. Foor prior to June 6, 2016 that have allegedly been released by Ms. Foor. Resp. at 6.[1] Defendant contends that amendment would also be futile with respect

---

[1] Defendant explains for the first time in their response that Ms. Foor brought her own cause of action against Home-Owners in state court after which the matter was settled and Ms. Foor executed a release agreement which purportedly released Home-Owners from any liability under her policy "for no-fault benefits through June 6, 2016, as a result of injuries sustained in the aforesaid automobile accident of March 16, 2010." Resp., Ex. 1 (Release), ECF No. 15-2. Based on the Release, Defendant argues it has no liability to the Insured for no-fault benefits for medical care provided to her by Plaintiff Covenant on May 24, 2016. On this basis Defendant asserts it has no liability to Plaintiff Covenant for the May 24 date of service, as Ms. Foor could not assign Plaintiff any greater rights than she had. Considering that this matter

to dates of healthcare service not covered by the release because the assignment of benefits was invalid, and the proposed amended claims are time barred. Resp. at 9–12.

**II.**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, "'where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Prejudice" in the context of Rule 15 means more than the inconvenience of having to defend against a claim. *See Monahan v. N.Y.C. Dept. of Corr.,* 214 F.3d 275, 284 (2d Cir. 2000). It requires something more substantial. In some situations, the closing of discovery is sufficient to warrant a finding of prejudice to the opponent. *See R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 441 (6th Cir. 2005).

An amendment would be futile if the amended complaint does not state a claim upon which relief can be granted. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that

---

is before the Court on a motion to amend, the operative standard in evaluating the futility of the amended claims is the Rule 12(b)(6) standard. Accordingly, the Release Agreement, as an exhibit to Defendant's response brief, cannot be considered by the Court at this stage. A court faced with a Rule 12(b)(6) motion must typically limit its consideration to the pleadings or convert it to a motion for summary judgment under Federal Rule of Civil Procedure 12(d*). Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 487 (6th Cir.2009). During the September 19, 2017 hearing on the Motion to Amend, Plaintiff's counsel stated that he believes the Release may bar Plaintiff Covenant from recovering no fault benefits under Counts 5 and 6 for the May 24, 2016 date of service (and may also bar the MSPA claim under Counts 3 and 4 with respect to the May 24 date). If so, the amended complaint will so reflect. It is also worth noting that Defendant's response appears to have a typographical error, as it indicates the Release covers the period through July 7, 2016, though the release itself states that it covers the period through June 6, 2016.

support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

### III.

#### A.

Here, Defendant will not be prejudiced by granting Plaintiffs leave to amend. Discovery may continue under the scheduling order until November 27, 2017. Sch. Order, ECF No. 9. Furthermore, granting leave to amend does not affect Defendant's ability to defend against the merits of Plaintiffs' underlying claim, namely that Defendant is responsible for paying Ms. Foor's hospital charges. Whether Plaintiffs proceed under a direct cause of action or a derivative cause of action does not affect the merits of the underlying claim.

#### B.

A motion to amend should be denied where amendment would be futile. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Amendment of the complaint is futile if the proposed claims in the amended complaint would not withstand a Rule 12(b)(6) motion to

dismiss for failure to state claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Plaintiffs' amended complaint asserts six new counts, consisting of two counts (one for each plaintiff) for each of their three new causes of action.[2] Proposed Counts V and VI assert a derivative cause of action for breach of contract between the Insured and Insurer based on an assignment of benefits by the Insured to Plaintiffs. Proposed Counts VII and VIII assert a derivative cause of action for breach of contract based on the designation of Plaintiffs as the Insured's authorized representative for the purpose of asserting her claims for PIP benefits. Proposed Counts IX and X assert a cause of action for declaratory relief on the theory that Plaintiffs are interested parties with respect to the determination of the insurer's liability for payment of the hospital charges. Each theory of relief will be addressed in turn.

**1.**

In proposed Counts V and VI, Plaintiffs assert a derivative cause of action for breach of Ms. Foor's insurance contract with Defendant based on the June 23, 2017 assignment of benefits by the Insured to Plaintiffs. Plaintiffs allege that the Insured's Assignment was valid, notwithstanding the language in the Insured's policy purporting to prohibit assignments without the Insurer's prior written consent. Defendant contends that amending the complaint would be futile because the assignment is invalid and the proposed amended claims are time barred. Resp. at 4. Defendant contends the assignment is invalid because 1) it is "overly broad"; 2) "Ms. Foor could not assign her rights at the time the assignment was made"; and 3) "there has been no

---

[2] Counts I and II of Plaintiffs' original complaint and amended complaint assert a direct cause of action for recovery of no-fault medical benefits under the Michigan No Fault Act. During the September 19, 2017 hearing on the Motion to Amend, Plaintiffs explained that they no longer intend to pursue counts I and II based on the decision of the Michigan Court of Appeals in *W A Foote Mem'l Hosp. v. Michigan Assigned Claims Plan*, 2017 WL 3836645 (Mich. Ct. App. Aug. 31, 2017). Accordingly, the amended complaint will not include counts I and II.

determination by any court that Ms. Foor is entitled to recover the benefits that are the subject of the assignment." Resp. at 4, ECF No. 15.

Defendant's argument that the assignment is overbroad lacks support. Defendant emphasizes that the Assignment does not identify the Home-Owner's insurance policy or specifically assign Ms. Foor's rights thereunder. *Id.* at 9. Rather, it assigns "*all* present, past due or owing benefits payable to [insured]" by "any entity providing insurance coverage or benefits for my medical care." Assignment, ECF No. 11-3. Defendant furnishes no authority for the proposition that the Assignment must specify the insurance policies under which Ms. Foor may be entitled to benefits, as opposed to assigning all such rights, as she did.

Defendant also contends that Ms. Foor's rights under her policy were non-assignable, citing to the anti-assignment clause in the Home-Owner's insurance policy, which prohibits assignment of policy benefits without Home-Owner's consent. At oral argument, Defendant emphasized that the anti-assignment clause in their insurance policy is valid, as Ms. Foor had not suffered an "accrued loss" at the time of the assignment. Resp. at 10.

The court in *Covenant* explicitly addressed assignments, explaining "our conclusion today is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant* at 505; *see also Professional Rehab Assoc. v. State Farm Mut. Auto Ins. Co.*, 228 Mich. App. 167, 172 (noting that only the assignment of future benefits is prohibited under MCL 500.3143). In *Century Indemnity*, the court distinguished between anti-assignment clauses which prohibit assignment of future benefits, and those which purport to prohibit assignment of accrued losses:

> Michigan law recognizes the validity of contractual provisions against assignment of contracts, including insurance policies . . . However, an anti-assignment clause will not be enforced where a loss occurs before the assignment, because in that

> situation the assignment of the claim under the policy is viewed no differently than any other assignment of an accrued cause of action.

*Century Indem. Co. v. Aero-Motive Co.*, 318 F. Supp. 2d 530, 539 (W.D. Mich. 2003) (citing *Roger Williams Insurance Co. v. Carrington*, 43 Mich. 252 (1880) ("the provision of the policy forfeiting it for an assignment without the company's consent is invalid, so far as it applies to the transfer of an accrued cause of action")). The court also explained the distinction between future benefits and accrued losses: "Michigan follows the majority rule that an insurer's responsibility under a liability policy accrues at the time the complainant suffers damage rather than at the time of the negligent act." *Id.* (citing *Quemetco Inc. v. Pacific Automobile Insurance Co.*, 24 Cal. App. 4th 494, 503 (1994) ("there could have been no assignment of the proceeds of the policies as there was no loss or injury or accrued right to collect the proceeds in existence")).

Here, Ms. Foor assigned to Plaintiffs her right to recover for an accrued loss, not a future loss. Plaintiffs' proposed amended complaint alleges the following facts: Ms. Foor was involved in a motor vehicle accident on March 16, 2010; Plaintiffs provided healthcare services to her between May, 2016 and February, 2017, for injuries allegedly arising out of that accident; between December 2016 and February 2017 Plaintiffs billed Defendant and furnished itemized charges and medical records documenting healthcare services provided to Ms. Foor; on June 23, 2017, Ms. Foor assigned Plaintiffs her rights to payment for "all present, past due or owning benefits" for her hospital bills. Am. Compl. at 3–4, ECF No. 11-2.

Accordingly, at the time of the assignment, Ms. Foor permissibly assigned her accrued cause of action, not a right to future benefits. *Century Indem.*, 318 F. Supp. 2d at 539 (citing *Roger Williams*, 43 Mich. 252). Defendant notes that "there has been no determination by any court that Ms. Foor is entitled to recover the benefits that are the subject of the assignment." Resp. at 4. Defendant's argument is without merit. Ms. Foor need not have a judgment entitling

her to recover benefits in order to have an assignable prospective cause of action to sue for those benefits.

Defendant also argues that Plaintiffs' proposed amendment is futile because Ms. Foor's claims are time barred, and that the assignment could not "toll the one-year statute of limitations to preserve claims they had no standing to make if Ms. Foor failed to preserve her rights within one year of incurring the expense." Resp. at 10, ECF No. 15. Defendant's counsel acknowledged during the hearing on Plaintiffs' Motion that the only date potentially implicated by the one-year back rule is the May 24, 2016 date of healthcare service. Plaintiff filed its original complaint in Saginaw County Circuit Court on February 21, 2017, which was then removed to this Court on April 14, 2017. *See* ECF No. 1. Plaintiff filed its Motion to Amend attaching it's proposed amended complaint on July 14, 2017, more than one year after the May 24, 2016 date of healthcare service. *See* ECF No. 11.

Defendant argues that the proposed amendment will not relate back to the date of the original complaint. Resp. at 5, 11–12. However, an amendment relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The original complaint asserted a direct action by Plaintiff healthcare providers for recovery of no fault benefits for healthcare services provided to Ms. Foor allegedly arising out of her 2010 automobile accident. Counts V and VI of the proposed amended complaint assert a derivative cause of action, based on the Assignment, by the same healthcare providers to recover the same benefits for the same healthcare services allegedly arising out of the same automobile accident. Thus, the proposed amendment asserts a claim arising out of the same conduct, transaction, or occurrence as the original complaint. Therefore, the amendment relates back.

Accordingly, Counts V and VI of Plaintffs' proposed amended complaint state a plausible claim upon which relief can be granted. Counts V and VI of the proposed amended complaint are therefore not futile, and leave to amend will be granted.[3]

**2.**

Proposed Counts VII and VIII assert a derivative cause of action for breach of contract. Each of these counts is based on Ms. Foor's designation of Plaintiffs in the Assignment agreement as her authorized representative for the purpose of "pursuing her claim for hospital bills." The very same assignment agreement transfers those "claims for hospital bills" and associated rights to payment from Ms. Foor to Plaintiffs. Thus, those rights to payment now belong to Plaintiffs and not to Ms. Foor. Plaintiffs do not explain how Ms. Foor can designate an authorized representative to pursue rights to payment she has expressly assigned to the same party. Thus, proposed Counts VII and VIII fail to state a claim upon which relief can be granted. Accordingly, proposed Counts VII and VIII are futile and should be omitted from the amended complaint.

**3.**

Proposed Counts IX and X assert a cause of action for declaratory relief on the theory that Plaintiffs are "interested parties" with respect to the determination of the insurer's liability for payment of the hospital charges. Am. Compl. at 19–21, ECF No. 11-2. Specifically, Plaintiffs seek a declaration that Defendant "is responsible to provide payment of the Hospital Charges for the benefit of Sandra Foor to Covenant under MCL 500.3112." *Id*. at 21. Plaintiffs' requested relief is, however, foreclosed by *Covenant*. Plaintiffs stipulated during the hearing on the Motion

---

[3] As noted in footnote 1 above, to the extent Plaintiff Covenant does not contest the validity and effect of the Release Agreement, Plaintiff Covenant may omit the May 24, 2016 date of service from its amended complaint and specify which dates of healthcare service remain actionable.

that the *Covenant* decision is to be applied retroactively based upon *W A Foote*. 2017 WL 3836645. Granting declaratory relief that Defendant is responsible to pay Plaintiffs would be the functional equivalent of a judgment for Plaintiffs on a direct cause of action for damages, and is therefore foreclosed by the *Covenant* decision. Therefore, proposed Counts IX and X fail to state a claim upon which relief can be granted. Accordingly, they should be omitted from the amended complaint.

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Amend, ECF No. 11, is **GRANTED** as to proposed Counts V and VI, and **DENIED** as to proposed Counts VII–X.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to file their Amended Complaint within **seven days** of the entry of this Order.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 13, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager